**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION**

| | |
|---|---|
| **CHARDONNAY SHABAZZ**<br><br>**Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC**<br><br>**Defendant.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Chardonnay Shabazz, the Plaintiff in this case, is very much alive. Nonetheless, Experian supplied credit reports with tradelines falsely listing Plaintiff as deceased. Predictably, this has negatively impacted Plaintiff's life, specifically causing her to be denied credit.

2. Plaintiff, therefore, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by reporting her as deceased when she is clearly not.

3. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of the credit reports it prepared concerning Plaintiff. Plaintiff seeks statutory, actual, punitive damages, and attorneys' fees and costs.

**JURISDICTION**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Michigan and violated Plaintiff's

rights under the FCRA in the state of Michigan as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conducts business in this District, and communications giving rise to this action occurred in this District.

**PARTIES**

6. Plaintiff, Chardonnay Shabazz ("Plaintiff"), is a resident of Detroit, Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Ohio, with its principal place of business located in Costa Mesa, California.

**FACTUAL ALLEGATIONS**

9. In or around October of 2024, Plaintiff was notified of her inability to apply for credit because of deceased reporting being listed on her Experian credit report.

10. For example, Plaintiff applied for a loan with Best Egg. Best Egg notified the Plaintiff that they were unable to provide her a loan because Experian was reporting her as deceased.

11. Plaintiff was understandably shocked and upset, as she was very much alive.

12. Plaintiff became even more upset and distraught when she realized that she was not

able to access her Experian report to dispute the inaccurate dispute reporting.

13. Plaintiff was able to access her Equifax and Transunion credit reports, neither of which included a deceased notation on her credit report.

14. A consumer reporting agency like Experian is required to have proper policies and procedures in place in order to ensure the maximum possible accuracy of the information that they report. *See,* 15 U.S.C. §§ 1681e(b).

15. Citing judicial decisions including some involving Experian, the Consumer Financial Protection Bureau has specifically put companies like Experian on notice that, in order to be adequate, their policies and procedures must be designed to prevent the reporting of logically inconsistent information, such as "for example, if every other tradeline is reporting ongoing payment activity, while one tradeline contains a 'deceased' indicator." *See,* https://files.consumerfinance.gov/f/documents/cfpb_fair-credit-reporting-facially-false-data_advisory-opinion_2022-10.pdf, last visited on May 28, 2024.

16. Experian plainly failed to incorporate such commonsense logic into its policies and procedures.

17. At all times pertinent hereto, Defendant's violations of the FCRA were both negligent and willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681e(b) of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

18. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

19. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

20. As a direct and proximate result of Experian's willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports and to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff was denied credit due to these defamatory inaccuracies.

21. Defendant's violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

22. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

23. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

24. As a direct and proximate result of Experian's willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in her daily life.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

25. All preceding paragraphs are realleged.

26. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

27. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information

that Plaintiff was 'deceased' from being reported on the Plaintiff's credit report.

28. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as set forth above.

## DEMAND FOR TRIAL BY JURY

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 31, 2024                        Respectfully Submitted,

By: **MARCUS ZELMAN LLC**

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Fascimile: (732) 298-6256
Yzelman@marcuszelman.com
*Counsel for Plaintiff*